* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Harris and the briefs and arguments of the parties. The appealing party has shown good ground to reconsider the evidence. Accordingly, the Full Commission reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the named employee and named employer.
3. The carrier liable on the risk is correctly named.
4. Employee sustained a compensable injury by accident on or about September 11, 2003.
5. At the hearing, the parties submitted the following:
 (a) Packet of medical records from Eastern Neurological and Spine Associates, Inc. and Trinity Family Medicine, P.A., which were submitted into the Record and marked as Stipulated Exhibit No. 2; and
 (b) Executed Pre-Trial Agreement signed by the parties.
6. The issue before the Industrial Commission to be determined is whether plaintiff is entitled to a second opinion regarding the need for another myelogram and post-myelogram CT scan.
 * * * * * * * * * * *
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff is 57 years of age, with his date of birth being January 10, 1949.
2. Plaintiff sustained a compensable neck injury on or about September 11, 2003. Plaintiff hurt his neck and shoulder area while stepping off a lift gate.
3. Defendants admitted compensability and began paying plaintiff temporary total disability benefits at a compensation rate of $500.79 beginning September 12, 2003. Plaintiff was initially treated by his family physician, Dr. Crawford, for neck and left arm pain in September 2003. Dr. Crawford ordered X-rays and an MRI. Based on the MRI results, Dr. Crawford was of the opinion plaintiff needed to see a specialist and referred plaintiff to see Keith A. Tucci of Eastern Neurosurgery and Spine Center in Greenville, North Carolina for a neurosurgical evaluation.
4. Dr. Tucci examined plaintiff on October 13, 2003. Plaintiff complained at that time of neck pain radiating into his left upper extremity. Dr. Tucci ordered a cervical myelogram and post-myelogram CT scan. These tests showed involvement of the left C-6 nerve root and left C-6 radiculopathy. Dr. Tucci recommended plaintiff have neck surgery. Dr. Tucci performed a left C5-6 foraminotomy, laminectomy and nerve root compression on October 23, 2003.
5. Dr. Tucci provided medical care to plaintiff until January 29, 2004, at which time he was of the opinion that plaintiff had reached maximum medical improvement. Dr. Tucci assigned plaintiff a 9% permanent partial disability rating to his neck, issued permanent work restrictions and released plaintiff from his care.
6. On January 3, 2005, plaintiff presented himself again to Dr. Tucci's office, complaining of neck and right shoulder pain. Dr. Tucci's Physician Assistant, Connie Cerne, examined plaintiff at that time and noted that plaintiff gave a history of having right-sided neck and right shoulder pain for a few months. Ms. Cerne recommended another cervical myelogram and post-myelogram CT scan.
7. Plaintiff consulted with Dr. Tucci on February 7, 2005 regarding Ms. Cerne's recommendations. Dr. Tucci testified that he originally was in agreement with Ms. Cerne's recommendations for another myelogram and post-myelogram CT scan. However, following his examination of plaintiff on February 7, 2005, Dr. Tucci stated his opinion regarding additional testing changed because plaintiff was not having any radicular pain or significant neck symptoms. Dr. Tucci opined that plaintiff did not need additional medical care or testing, including another myelogram and post-myelogram CT scan, as these were not necessary and would be of no medical benefit to plaintiff.
8. Dr. Crawford, plaintiff's family physician, confirmed that the only benefit to a neurosurgical evaluation at this point in plaintiff's medical care would be that it would do nothing more than reinforce what he and Dr. Tucci already knew. Dr. Crawford did not have an opinion as to whether another neurosurgical evaluation was necessary or would effect a cure given that plaintiff had had a complete neurosurgical evaluation by Dr. Tucci in February 2005.
 * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant employer on or about September 11, 2003. N.C. Gen. Stat. § 97-2(6).
2. As a result of the September 11, 2003 injury by accident, plaintiff is entitled to have defendant continue payments of ongoing disability compensation until such time as he returns to work or further order of the Industrial Commission. N.C. Gen. Stat. § 97-29.
3. As a result of his September 11, 2003 injury by accident, plaintiff is entitled to have defendant pay all reasonable and necessary medical expenses that will provide relief or effect a cure. However, the undersigned find, based on the testimony of the plaintiff's family physician and his treating neurosurgeon, plaintiff does not need an additional cervical myelogram and post-cervical myelogram CT scan. N.C. Gen. Stat. §§ 97-25;97-25.1
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall continue to pay plaintiff ongoing disability compensation until such time as he returns to work or further order of the Commission.
2. Defendants shall pay for all necessary medical expenses that will provide relief or effect a cure as a result of the September 2003 injury by accident. However, plaintiff is not entitled to another cervical myelogram and post-cervical myelogram CT scan based on the testimony of Dr. Crawford and Dr. Tucci.
3. Defendants shall pay the costs.
This the 28th day of July, 2006.
 S/_________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
DISSENTING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER